UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GRAND HERITAGE HOTEL GROUP, LLC, Plaintiff, | : | |
| v. | : | C.A. No. 04-528T |
| VICTOR H. MILLS, Defendant. | : | |

**PLAINTIFF'S OBJECTIONTO MILLS' MOTION TO QUASH SUBPOENAS DUCES TECUM AND FOR ISSUANCE OF A PROTECTIVE ORDER**

For the reasons more fully set forth in the attached Memorandum in Support, Plaintiff objects to Mills' Motion to Quash the subpoenas properly issued by Plaintiff. Plaintiff respectfully requests that the Court deny Defendant's Motion.

GRAND HERITAGE HOTEL GROUP, LLC

By Its Attorneys,

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: June 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2005, I mailed a true copy of the within Plaintiff's Objection to Mills' Motion to Quash Subpoena Duces Tecum and For Issuance of a Protective Order via first-class mail, postage prepaid to:

Melody A. Alger, Esq.
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GRAND HERITAGE HOTEL GROUP, LLC, Plaintiff, | : | |
| v. | : | C.A. No. 04-528T |
| VICTOR H. MILLS, Defendant. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO MILL'S MOTION TO QUASH SUBPOENAS DUCES TECUM AND FOR ISSUANCE OF A PROTECTIVE ORDER**

Plaintiff Grand Heritage Group LLC ("Plaintiff" or "Grand Heritage") objects to Defendant's Motion to Quash the subpoenas duces tecum Plaintiff issued to two of Plaintiff's former employers, The Warner Center Marriott Woodland Hills ("Marriott") and The Peabody Hotel Group ("Peabody"). For the reasons set forth herein, a protective order is inappropriate and should not be entered.

BACKGROUND

Grand Heritage terminated Victor Mills ("Mills" or "Plaintiff") for cause. Specifically, Grand Heritage had learned that Mills had violated its policy on workplace harassment. Although Mills' motion to quash suggests that Grand Heritage had only tepid grounds for this termination, even the "complaint" exhibit Mills attaches to his own motion[1] states that Grand Heritage had reason to believe that Mills had stared at an employee, made suggestive comments about her, would purposefully leer at this employee as she walked away, and that he hugged and kissed two female employees.[2]

---

1 There were other concerns raised by employees regarding Mills.

2 Grand Heritage need not prove that his behavior rose to the level of unlawful sexual harassment.

Mills retained counsel after his termination and threatened to sue, alleging a breach of contract. Grand Heritage then filed a complaint seeking declaratory judgment that it did not breach a contract of employment with Mills. Grand Heritage also alleged that Defendant breached the covenant of good faith and fair dealing. (See Pl's Compl.) Shortly thereafter, Mills counterclaimed, alleging breach of contract, breach of the covenant of good faith and fair dealing, fraudulent misrepresentation, abuse of process and unlawful termination.

On May 19, 2005, Grand Heritage served the subpoenas duces tecum at issue on Marriott and Peabody. Copies of these subpoenas, which comply with the Rules of Civil Procedure, are attached at Tab A. Contrary to Mills' suggestion, Grand Heritage did not seek a wholesale review of all records pertaining to Mills' employment, but requested a limited and finite class of documents from these former employers. Specifically, Grand Heritage requested production of the following:

> All documents pertaining or relating to any inappropriate, unprofessional, or harassing behavior, or behavior that created a hostile work environment, by Victor H. Mills (Social Security No. 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, DOB November 19, 1954) while employed by Peabody Hotel Group (including any parents, subsidiaries, affiliates).
>
> Please be advised that this request seeks documents from all sources and you should not limit your response to those documents routinely found in personnel files.
>
> For purposes of this subpoena, documents shall include, but not be limited to, notes, memoranda, forms, correspondence, tape recordings, e-mails, electronic documents and all other non-paper files.

(See Plaintiff's Notice of Production of Documentary Evidence, attached to Defendant's Motion to Quash at Tab D).

Plaintiff requested records only; it did not seek to depose anyone. Neither Marriott nor Peabody has objected to these subpoenas. Defendant filed the instant motion to quash on May 26, 2005.

## ARGUMENT

A. Standard of Review

Fed. R. Civ. P. 45(c)(3)(A) provides that the court shall quash or modify the subpoena if it:

> (i) fails to allow reasonable time for compliance;
>
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

The movant must meet a heavy burden of establishing that compliance with the subpoena would be unreasonable or oppressive. United States of America v. Davis, 140 F.R.D. 261, 263-4 (D.R.I. 1992).

Moreover, Fed. R. Civ. P. 26(b)(1) provides that discovery not be limited to admissible evidence, but instead "a court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Courts construe "relevancy" broadly. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

B. Mills lacks standing to move to quash these subpoenas.

Rule 45(c)(3)(A) suggests that the right to move for protective relief lies only with target of the subpoena. To date, the targets of the subpoenas at issue, Peabody and Marriott, have chosen not to move to quash. Thus, Mills' motion should be denied as he lacks standing to challenge their issuance.

C. The subpoenas at issue are not unreasonable and oppressive.

Assuming that Mills has standing to challenge these subpoenas, he has not demonstrated that the release of these records harms him in any meaningful way – except, of course, that they may bolster Grand Heritage's case. He certainly has not shown the request to be unreasonable and oppressive, as he must, to block the disclosure of these documents.

As is evidenced from the Schedule As attached to each of Plaintiff's subpoenas (see Tab A), Grand Heritage has propounded a narrow request for documents which Peabody and/or Marriott may have in their files. Grand Heritage did not seek all documents pertaining to Mills, but rather limited its request to potential documents related to inappropriate, unprofessional and/or harassing behavior. The scope of such a request is neither "unreasonable" nor "oppressive" as Grand Heritage is seeking business records which employers like Marriott and Peabody are legally obligated to retain. Significantly, neither Peabody nor Marriott has moved for a protective order over the production of these documents.

D. The information sought is relevant and not privileged.

Admissibility is not the standard for determining the proper scope of discovery (or the propriety of a subpoena). The proper discovery standard is whether the documents sought by Grand Heritage are relevant and could lead to the discovery of admissible information. Whether Mills has a history of inappropriate, unprofessional or harassing behavior is clearly relevant to Grand Heritage's claim that Mills knowingly engaged in inappropriate behavior in violation of a

company's policy against workplace harassment and goes directly to both Grand Heritage's claims and its defenses to Mills' counterclaims. In addition, Grand Heritage seeks to test its theory that had Defendant and/or his agents not misrepresented Plaintiff's work history and/or background, he would never have been hired by Grand Heritage in the first place – this is the crux of Grand Heritage's good faith and fair dealing claim.

Moreover, the documents sought are not subject to any privilege. Grand Heritage does not seek an attorney's files or medical records. It seeks business records (which it attempted to limit) directly relevant to Grand Heritage's claims and defenses. In response, Mills wants to have it both ways. First, he claims that the records should not be produced because the request is overbroad. Second, he then alleges the request is inappropriate because it requires his former employers to "cull through records". The schedule As were unambiguous and an in camera review is unnecessary.

E. Conclusion

For the reasons set forth above, Grand Heritage respectfully requests that this Court deny Mills' motion to quash and for entry of a protective order.

GRAND HERITAGE HOTEL GROUP, LLC
By Its Attorneys,

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: June 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2005, I mailed a true copy of the within Memorandum in Support of Plaintiff's Objection to Mills' Motion to Quash Subpoena Duces Tecum and For Issuance of a Protective Order via first-class mail, postage prepaid to:

Melody A. Alger, Esq.
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903

________________________