# United States District Court

WESTERN DISTRICT OF TENNESSEE (MEMPHIS)

GRAND HERITAGE HOTEL GROUP, LLC,
Plaintiff
V.

VICTOR H. MILLS.,

Defendant.

**SUBPOENA IN A CIVIL CASE**

**U.S.D.C. Rhode Island Civil Action NO. 04-528-T**

**SUBPOENA ISSUED PURSUANT TO FED. R. CIV. P. 45**

TO: Peabody Hotel Group - Keeper of Records
c/o C.E. Zobell
5118 Park Avenue, No. 245
Memphis, TN 38117

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects) **See Schedule A attached:**

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP<br>One Citizens Plaza<br>Providence, RI 02903 | June 10, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE: |
|---|---|
| ATTORNEY FOR THE PLAINTIFF [signature] | May 19, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stacie B. Collier, Esq., Nixon Peabody LLP, One Citizens Plaza, Providence, RI 02903
PHONE: 401-454-1000

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE May 20, 2005 | PLACE Peabody Hotel Group |
| SERVED ON (PRINT NAME) Claude E. Tidwell, AVP, Assoc GC | | MANNER OF SERVICE Personal |
| SERVED BY (PRINT NAME) Shanna Spear | | TITLE Process Server B-154 |
| DECLARATION OF SERVER | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-20-05
DATE

Shanna Spear
SIGNATURE OF SERVER

ADDRESS OF SERVER 5240 Mendenhall Park Place
Memphis, TN 38115

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

B10437.2

# United States District Court

## CENTRAL DISTRICT OF CALIFORNIA

GRAND HERITAGE HOTEL GROUP, LLC,
Plaintiff
V.

VICTOR H. MILLS,

Defendant.

**SUBPOENA IN A CIVIL CASE**

**U.S.D.C. Rhode Island Civil Action NO. 04-528-T**

**SUBPOENA ISSUED PURSUANT TO FED. R. CIV. P. 45**

TO: Warner Center Marriott Woodland Hills - Keeper of Records
21850 Oxnard Street
Woodland Hills. CA 91367

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects) **See Schedule A attached:**

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP<br>One Citizens Plaza<br>Providence, RI 02903 | June 10, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>ATTORNEY FOR THE PLAINTIFF | DATE:<br>May 19, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Stacie B. Collier, Esq., Nixon Peabody LLP, One Citizens Plaza, Providence, RI 02903<br>PHONE: 401-454-1000 | |

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on Reverse)

B 255 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 05-20-05 AT 12:36PM | WARNER CENTER MARRIOTT WOODLAND HILLS - KEPPER OF RECORDS<br>21850 OXNARD STREET<br>WOODLAND HILLS, CA 91367 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| GEORGE WIENCKOWSKI, ACCEPTED SERVICE ON BEHALF OF WARNER CENTER MARRIOTT WOODLAND HILLS - KEPPER OF RECORDS | PERSONAL SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| RUBEN LINARES | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on MAY 23, 2005
DATE

SIGNATURE OF SERVER

REF: 597335
WORLDWIDE NETWORK, INC.
RUBEN LINARES
REG. NUMBER: 4469
LOS ANGELES COUNTY

520 TOWNSEND STREET, 1ST FLOOR
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94103

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SCHEDULE A
PEABODY HOTEL GROUP

All documents pertaining or relating to any inappropriate, unprofessional, or harassing behavior, or behavior that created a hostile work environment, by Victor H. Mills (Social Security No. 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, DOB November 19, 1954) while employed by Peabody Hotel Group (including any parents, subsidiaries, affiliates).

Please be advised that this request seeks documents from all sources and you should not limit your response to those documents routinely found in personnel files.

For purposes of this subpoena, documents shall include, but not be limited to, notes, memoranda, forms, correspondence, tape recordings, e-mails, electronic documents and all other non-paper files.

SCHEDULE A
WARNER CENTER MARRIOTT WOODLAND HILLS

All documents pertaining or relating to any inappropriate, unprofessional, or harassing behavior, or behavior that created a hostile work environment, by Victor H. Mills (Social Security No. 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, DOB November 19, 1954) while employed by Warner Center Marriott Woodland Hills (including any parents, subsidiaries, affiliates).

Please be advised that this request seeks documents from all sources and you should not limit your response to those documents routinely found in personnel files.

For purposes of this subpoena, documents shall include, but not be limited to, notes, memoranda, forms, correspondence, tape recordings, e-mails, electronic documents and all other non-paper files.