**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

GRAND HERITAGE HOTEL GROUP, LLC
Plaintiff,

Vs. C. A. NO.: 04-528T

VICTOR H. MILLS
Defendant.

**MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS**

Now comes the defendant, Victor Mills and hereby requests that this Court order plaintiff's executives to appear at scheduled depositions in Providence, Rhode Island, at a time mutually convenient to the parties.

Defendant,
VICTOR H. MILLS,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

**CERTIFICATION**

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to:

Andrew B. Prescott, Esquire
Stacie Boeniger Collier
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903

on this 24th day of **February**, 2006.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

GRAND HERITAGE HOTEL GROUP, LLC
Plaintiff,

Vs. C. A. NO.: 04-528T

VICTOR H. MILLS
Defendant.

**MEMORANDUM OF LAW OF DEFENDANT, VICTOR MILLS, IN SUPPORT OF HIS MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS**

Now comes the defendant pursuant to Rule 37 and moves this Court for an order compelling the attendance of the plaintiff's executives, Michael Mason, Bashi Wali and John Cullen to appear at depositions conducted by the defendant's counsel.

**I. Factual Background.**

The within matter stems from the termination of the defendant Victor Mills from his employment as General Manger of the Biltmore Hotel, owned by the plaintiff in the within matter. Six months into Mr. Mills' employment contract, he was terminated from the Biltmore Hotel, without notice, and without compensation. When Mr. Mills demanded that the reminder of his contract be honored, he was sued in Federal Court. The plaintiff's brought the within action for Declaratory Relief (apparently that it did not breach its contract) and for breach of covenant of good faith and fair dealing.

Depositions of the three Grand Heritage Executives have been scheduled several times during the pendency of the within matter. Initially, defendant agreed to reschedule the deposition to a mutually convenient time when the executives, who frequently travel to the Rhode Island property, would be in town. No dates were forthcoming. After the

depositions were rescheduled, the plaintiff's counsel advised defendant's counsel that the executives would not appear for depositions unless they were taken in their home state of Oregon. The parties' positions are outlined in accompanying correspondence attached hereto as Exhibits A and B, respectively. The plaintiffs, who obviously chose the forum in which to bring the within suit, have not filed for a protective order.

As a final matter, defendant's motion to extend discovery, which was not opposed by the plaintiff, was denied. In seeking to compel these depositions, defendant notes that each of the multiple depositions for each of the three aforementioned executives was scheduled multiple times prior to the close of discovery.

The defendant notes that the court has scheduled a conference in this case on March 3, 2006. Defendant will like to confer on this matter as well.

Respectfully Submitted,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

**CERTIFICATION**

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to:

Andrew B. Prescott, Esquire
Stacie Boeniger Collier
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903

on this 24th day of **February**, 2006.