STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GRAND HERITAGE HOTEL GROUP, LLC, :
:
Plaintiff, :
v. : C.A. No. 04-528T
:
VICTOR H. MILLS, :
Defendant. :

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, the Plaintiff, Grand Heritage Hotel Group, LLC ("Grand Heritage"), hereby objects to Defendant's Motion to Compel dated February 24, 2006 for the reasons set forth more fully in the attached memorandum in support of its objection.

GRAND HERITAGE HOTEL GROUP, LLC

By Its Attorneys,

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Of counsel:

Jonathan W. Greenbaum, Esq.
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, DC 20004-2128
(202) 585-8000
(202) 585-8080 (Fax)
Counsel for Plaintiff, Grand Heritage Hotel Group, LLC

Dated: March 10, 2006

P132414.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Objectionto Defendant's Motion to Compel was served via regular mail, on this 10th day of March, 2006 upon:

Melody A. Alger, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903

Marilyn Conaty

STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GRAND HERITAGE HOTEL GROUP, LLC, Plaintiff, | : | |
| v. | : | C.A. No. 04-528T |
| VICTOR H. MILLS, Defendant. | : | |

**PLAINTIFF'S MEMORANDUM IN OBJECTION TO DEFENDANT'S MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, the Plaintiff, Grand Heritage Hotel Group, LLC ("Grand Heritage"), hereby objects to Defendant's Motion to Compel dated February 24, 2006.

**A. Background Facts**

Plaintiff brought this lawsuit seeking declaratory judgment and claiming that Defendant, Victor Mills ("Mills"), breached the covenant of good faith and fair dealing. Defendant filed numerous counterclaims in response. After noticing the depositions of Bashar Wali and Michael Mason, counsel for Grand Heritage notified Defendant that they both lived in Portland, Oregon and were not available for deposition in Rhode Island, but that she would let counsel know if these individuals planned to be in state since Defendant's counsel indicated that she would not travel for the depositions. In December of 2005, Mills noticed the deposition of John Cullen, another resident of Oregon. In February of 2006, Mills issued a Rule 30(b)(6) deposition seeking the testimony of "the person with the most knowledge at Grand Heritage regarding investigation, note taking, interviewing and fact finding relative to the complaint filed against Victor Mills as referred to in the plaintiff's complaint."[1] It appeared from Defendant's

[1] Michael Mason would be Grand Heritage's Rule 30(b)(6) deponent as he was most involved in this investigation.

deposition notices that he contemplated no more than one half day with each deponent. (See Ex. A: Deposition notices of Wali, Cullen and Mason).

Mr. Cullen is currently Grand Heritage's President. Mr. Wali currently holds the position of Vice President. Mr. Mason, the former VP of People, no longer works for Grand Heritage. All three individuals continue to reside in Portland, Oregon and have no immediate plans to be in Rhode Island.

**B. Legal Argument**

The crux of Defendant's motion is that he wishes to take the depositions of Messrs. Wali, Mason and Cullen in Rhode Island. Under the federal rules, the Court has broad discretion to dictate where a deposition takes place. F.R.C.P. 26. As a general rule, depositions of corporate witnesses should proceed at a corporation's principle place of business. Chris-Craft Indus. Products, Inc. v. Kuaray Co., Ltd., 184 F.R.D. 605, 607 (N.D. Ill 1999). When the corporation is the plaintiff, depositions are typically had in the forum jurisdiction.[2] The Court has the discretion to forego this doctrine, however, when the plaintiff had little choice of where to sue. Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 593 (S.D.N.Y. 1994).

Grand Heritage is a Delaware Limited Liability Company with its principle place of business in Portland, Oregon. In the instant case, Plaintiff chose to sue Mills in Rhode Island because Mills worked at Plaintiff's Rhode Island property and rarely visited the corporate headquarters. It would have been difficult, if not impossible, for Grand Heritage to establish personal jurisdiction over Mills in Oregon and it is likely that the parties avoided a protected jurisdictional dispute when Plaintiff opted to sue in Rhode Island.

The fact that Grand Heritage sued in Rhode Island does not give Mills unfettered rights to require Grand Heritage's current and former employees to travel to Rhode Island, particularly

[2] For purposes of Mills' counterclaims, Grand Heritage is the counterclaim Defendant.

since they do not regularly travel out here. Pursuant to F.R.C.P. 45, Mills has no right to require that Mason, a former employee outside of the control of Grand Heritage, travel to Rhode Island. F.R.C.P. 45(c)(3)(a)(ii). At most, the Court can require that Grand Heritage share in the reasonable travel expenses associated with taking Mason's deposition. Generale Bank Nederland N.V. v. First Sterling Bank, 1997 U.S. Dist. LEXIS 20040, *5 (E.D. Pa., Dec. 17, 1997).

Additionally, Mills appears to rely on the fact that Wali and Cullen hold high level positions within the Grand Heritage organization and suggest that this is sufficient to require their attendance in Rhode Island. While Mills may argue that Cullen was involved in the decision to hire and fire him, he has not established a similar basis for compelling Wali to Rhode Island. The rules specifically provide that the court may act to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense associated with the designation of the time or place of a deposition.[3] Clearly, requiring Wali or Cullen to travel to Rhode Island would be an undue annoyance, burden or expense, particularly in light of the compromise offered by Plaintiff and explained in more detail, below.

**C. Attempts to Compromise**

The parties briefly discussed Defendant's motion to compel for the first time in conference with Judge Torres on March 3, 2006. At that time, Judge Torres suggested that the parties should attempt to resolve their differences short of judicial intervention and intimated that Mr. Mason could not be ordered to come to this jurisdiction as he is no longer employed by

3 Mills notes that Plaintiff has not yet requested a protective order over these deposition notices. As is clear from the correspondence from Plaintiff's counsel, Grand Heritage sought to resolve these issues short of either a protective order or a motion to compel. Plaintiff did not receive prior notice of Mills' intent to file his motion to compel.

Grand Heritage. Judge Torres suggested that Grand Heritage could require that Mills' counsel fly out to Portland for his deposition so long as Grand Heritage paid her expenses.

Following the conference Grand Heritage's attorney asked Plaintiff's counsel if she would agree to telephonic depositions. She said no. Therefore, on March 7, 2006, and consistent with Judge Torres' recommendations, counsel for Grand Heritage sent a letter to Mills' attorney suggesting that since Mr. Mason no longer works for Grand Heritage and the Company cannot mandate his appearance in Rhode Island, Grand Heritage would pay counsel's reasonable expenses associated with taking Mr. Mason's deposition in Portland so long as she would agree to also take the depositions of John Cullen and Bashar Wali while in Oregon. (See Ex. B: Letter from S. Boeniger Collier, dated March 7, 2006 to M. Alger).

On March 9, 2006, counsel exchanged e-mail regarding Mills' position regarding this possible compromise. (See Ex. C: E-mail chain between S. Boeniger Collier and M. Alger, dated March 9, 2006). In essence, Mr. Mills' counsel takes the position that she does not have time to travel and stay in Portland to conduct multi-day depositions because she has to oppose Grand Heritage's motion for summary judgment, she has a vacation and other depositions scheduled, and needs to prepare a pretrial memorandum in this case in advance of her depositions of Grand Heritages witnesses. (See Ex. C). At most, Defendant's depositions of Wali, Mason and Cullen will take less than two days. As his attorney can be required to travel to Portland for Mason's deposition, it will not be a hardship to request that she take the other two depositions while out there versus forcing those two witnesses to travel to Rhode Island. Moreover, the motion for summary judgment will likely stay the parties' pretrial obligations, so this should not be a consideration in ruling on Mills' motion to compel. Finally, Plaintiff's counsel has stated that she will work with Mills' attorney to arrive at the most convenient schedule possible.

In light of Mason's status as a former employee and the limited role Wali had (if any) in the instant dispute between the parties, Grand Heritage has offered a fair and reasonable compromise to this discovery dispute. Plaintiff respectfully requests that this Court deny Defendant's motion to compel the deposition attendance of Wali, Cullen and Mason in Rhode Island.

GRAND HERITAGE HOTEL GROUP, LLC

By Its Attorneys,

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Of counsel:

Jonathan W. Greenbaum, Esq.
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, DC 20004-2128
(202) 585-8000
(202) 585-8080 (Fax)
Counsel for Plaintiff
Grand Heritage Hotel Group, LLC

Dated: March 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Memorandum in Objection to Defendant's Motion to Compel was served via regular mail, on this 10th day of March, 2006 upon:

Melody A. Alger, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903