**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

GRAND HERITAGE HOTEL GROUP, LLC
Plaintiff,

Vs. C. A. NO.: 04-528T

VICTOR H. MILLS
Defendant.

**PARTIAL APPEAL OF AND OBJECTION TO JUDGE MAGISTRATE ALMOND'S MEMORANDUM AND ORDER OF MARCH 29, 2006.**

Now comes the defendant, Victor Mills, pursuant to F.R.C.P 72 (a), and Local Rule 72(c) and appeals, in part, the Memorandum and Order of Magistrate Judge Lincoln D. Almond dated March 29, 2006. As grounds therefore, Defendant relies on the accompanying Memorandum of Law attached hereto and filed herewith.

Defendant,
VICTOR H. MILLS,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

**CERTIFICATION**

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to:

Andrew B. Prescott, Esquire
Stacie Boeniger Collier
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903

on this 10 day of **April**, 2006.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

GRAND HERITAGE HOTEL GROUP, LLC
Plaintiff,

Vs. C. A. NO.: 04-528T

VICTOR H. MILLS
Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF APPEAL OF AND OBJECTION TO JUDGE MAGISTRATE ALMOND'S MEMORANDUM AND ORDER OF MARCH 29, 2006.**

Now comes the defendant pursuant to F.R.C.P 72 (a), and Local Rule 72(c) and hereby appeals from and objects to Magistrate Judge Almond's decision of March 29, 2006 relative to Plaintiff's Motion to Compel Attendance at depositions. It should be noted at the outset that the order applies to three deponents and that Plaintiff objects to the decision only as it applies to one deponent, Michael Mason.

## I. Factual Background.

The within matter stems from the termination of the defendant Victor Mills from his employment as General Manger of the Biltmore Hotel, owned by the plaintiff in the within matter. Six months into Mr. Mills' employment contract, he was terminated from the Biltmore Hotel, without notice, and without compensation. When Mr. Mills demanded that the remainder of his contract be honored, he was sued in U.S. District Court, District of Rhode Island. The plaintiff brought the within action for Declaratory Relief (apparently that it did not breach its contract) and for breach of covenant of good faith and fair dealing.

Depositions of the three Grand Heritage Executives have been scheduled several times. Initially, the defendant agreed to reschedule the deposition to a mutually convenient time when the executives, who frequently travel to the Rhode Island property, would be in town. No dates were forthcoming. After the depositions were rescheduled, the plaintiff's counsel advised defendant's counsel that the executives would not appear for depositions unless they were taken in their home state of Oregon. Plaintiff, which obviously chose the forum in which to bring the within suit, has never filed for a protective order.

Specifically, the deposition of Michael Mason, the key witness in this matter, has been scheduled a number of times. Notices of the deposition of Michael Mason dated June 23, 2005, November 22, 2005 and January 27, 2006 are attached hereto as Exhibit A. Additionally, in response to a 30(b)(6) Deposition notice of Grand Heritage dated January 27, 2006, Grand Heritage designated of Michael Mason as its 30 (b)(6) designee in correspondence dated March 7, 2006. See letter of March 7, 2006, attached hereto as Exhibit B.

Mr. Mason, whom the Defendant has been attempting to depose since June of 2005, has been "unavailable". Despite being the 30(b)(6) designee for the Plaintiff (designated in March of '06), Mr. Mason would not appear in Providence for his deposition and Defendant was forced to file the Motion to Compel Attendance, which forms the basis for the order at issue. See Memorandum and Order, attached hereto as Exhibit C.

It now seems that Mr. Mason has not been employed by the Plaintiff since early December, a fact that was only conveyed to the Defendant ***after*** the motion was filed and

Defendant merely requests that the Plaintiff be held to its representation or suffer the consequences of non-compliance, including that Mason's testimony be barred as a sanction under Rule 37, pursuant to which the underlying motion was brought.

Defendant hereby requests that this Court set aside Judge Magistrate Almond's Memorandum and Order, in part, and order Grand Heritage to produce Michael Mason, whose deposition was first noticed in June of 2005 and whom it has recently identified as its 30(b)(6) designee, for a deposition at the offices of defendant's counsel at a mutually agreeable time.

Respectfully Submitted,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

**CERTIFICATION**

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to:

Andrew B. Prescott, Esquire
Stacie Boeniger Collier
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903

on this 10 day of **April**, 2006.