UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GRAND HERITAGE HOTEL GROUP, LLC

v. C.A. No. 04-528T

VICTOR H. MILLS

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendant's Motion to Compel Attendance at Depositions. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on March 27, 2006. For the reasons discussed below, Defendant's Motion (Document No. 24) is GRANTED as to Plaintiff's employees John Cullen and Bashi Wali, and DENIED as to Plaintiff's former employee Michael Mason.

**Discussion**

This discovery dispute concerns the location for the depositions of two of Plaintiff's corporate executives, and a former corporate executive. The deponents are John Cullen, President of Grand Heritage; Bashar Wali, Vice President of Grand Heritage; and Michael Mason, a former Vice President of Grand Heritage, who is no longer employed by Plaintiff. All three deponents are residents of the State of Oregon. Plaintiff is a Delaware limited liability company with its principal place of business in Portland, Oregon. Plaintiff owns and operates the Biltmore Hotel in Providence. Defendant is the former General Manager of the Biltmore, and currently resides in the State of Alabama.

The issue is straightforward as to Mr. Cullen and Mr. Wali. It was Plaintiff, and not Defendant, who initiated this litigation in Rhode Island. One week after receiving a demand letter from Defendant's attorney, Plaintiff, presumably for strategic reasons, filed this preemptive lawsuit seeking declaratory and other relief. Plaintiff chose to initiate this litigation in this District where it owns and operates a hotel and where it formerly employed Defendant.

The depositions of Mr. Cullen and Mr. Wali were noticed prior to the close of discovery to take place at the office of Defendant's attorney in Rhode Island. Plaintiff did not file a motion for protective order in response but rather apparently sought to continue the depositions to a time when these deponents would be in Providence on business. Having chosen to litigate in this District, Plaintiff should produce Mr. Cullen and Mr. Wali for deposition here. See Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 629 (C.D. Cal. 2005) (recognizing that corporate deponents are frequently deposed in places other than the corporation's principal place of business). Based on the representations of Defendant's counsel, it appears that both are relevant witnesses, and that Defendant is not engaged in a fishing expedition or an effort to harass Plaintiff by unnecessarily noticing the depositions of several out-of-state employees having no relevant information. Although Plaintiff claims "undue annoyance, burden or expense," it offers no specifics and did not provide the Court with an affidavit or other evidence from these individuals of such "annoyance, burden or expense." Finally, it appears that both Mr. Cullen and Mr. Wali travel to this District on occasion for business purposes and that Mr. Wali actually lived in the Biltmore Hotel during all or part of the Defendant's tenure as General Manager in 2004.

The issue is less straightforward as to Mr. Mason. Mr. Mason is Plaintiff's former Vice President of Human Resources, and he was involved in both recruiting and terminating Defendant.

Although it appears that he is a relevant witness, Mr. Mason is no longer employed by Plaintiff. At the hearing, this Court questioned whether it had the power to compel a third-party witness to travel from Oregon to Rhode Island to attend a deposition. Mr. Mason is not a party to this litigation, is not currently an employee or agent of Plaintiff and was not served with notice of the instant Motion or hearing date.

Defendant argues that Mr. Mason should be compelled to appear here for his deposition because he is a "key" witness and because Plaintiff identified him as its Fed. R. Civ. P. 30(b)(6) designee.[1] The fact that Defendant has described Mr. Mason as a "key" witness does not convince this Court that it has the power to issue an order compelling him to travel to Rhode Island for deposition without giving him notice and an opportunity to be heard.

Mr. Mason's deposition was originally noticed for July 29, 2005, renoticed for December 7, 2005 and renoticed again for February 7, 2006. Discovery closed in this case on February 15, 2006. Defendant also noticed a Rule 30(b)(6) deposition for February 8, 2006 and, in response, Plaintiff designated Mr. Mason as its Rule 30(b)(6) witness by letter dated March 7, 2006. Mr. Mason apparently resigned from employment with Plaintiff in early December 2005. It appears that Defendant was not informed that Mr. Mason had resigned until early March 2006. See Pl.'s Mem. in Opp., Exs. B and C. Pursuant to Fed. R. Civ. P. 30(b)(6), a third party, such as Mr. Mason, may consent to testify on a party's behalf as its designee. Although Plaintiff's March 7, 2006 letter identifies Mr. Mason as its designee, there is no indication that Mr. Mason has actually consented

[1] Alternatively, Defendant argued for an order precluding Mr. Mason as a witness for Plaintiff in connection with Plaintiff's pending Fed. R. Civ. P. 56 motion or at trial. Defendant's Motion does not, however, request this alternative relief and seeks only an order compelling the deponent's appearance in Providence. Since this alternative relief was not formally requested in Defendant's Motion and would be a drastic sanction against Plaintiff, this Court will not entertain the request.

to that designation or was advised that such designation could potentially require his attendance for deposition in Rhode Island.

Although Fed. R. Civ. P. 30(b)(6) applies to both parties and nonparties, a Fed. R. Civ. P. 30(b)(6) notice of deposition is insufficient in this case to compel Mr. Mason's attendance in this District. Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(ii), a subpoena is deficient if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person...." Mr. Mason has not been subpoenaed and, even if he had, such subpoena would be deficient since it is undisputed that Mr. Mason lives and works in Oregon. See Price Waterhouse LLP v. First American Corp., 182 F.R.D. 56, 62-63 (S.D.N.Y. 1998) ("[A]llowing a subpoena served pursuant to Rule 30(b)(6) to evade the proscriptions of Rule 45(c) would render Rule 45 surplusage and subject nonparties to the same level of burdensome discovery that can be imposed upon a party."). He is not a party, and he is no longer an officer of a party.

Accordingly, this Court does not have the power to compel Mr. Mason's attendance in this District for deposition. However, this Court does have the power to compel Plaintiff to produce its Rule 30(b)(6) designee in Providence and so orders. Under Fed. R. Civ. P. 30(b)(6), Mr. Mason's designation is subject to his "consent." Mr. Mason may consent to serving as Plaintiff's Rule 30(b)(6) designee and consent to travel to Rhode Island for his deposition. If he does not so consent, Plaintiff must designate an alternative Rule 30(b)(6) designee who satisfies Defendant's request to depose "the person with the most knowledge at GRAND HERITAGE regarding investigation, note-taking, interviewing and fact finding relative to the complaint filed against Victor Mills...", and produce that alternative designee for deposition in Rhode Island.

## Conclusion

For the foregoing reasons, Defendant's Motion to Compel Attendance (Document No. 24) is GRANTED as to Mr. Cullen, Mr. Wali and, if applicable, Plaintiff's alternative Rule 30(b)(6) designee, and DENIED as to Mr. Mason. Given the current posture of this case, the parties shall cooperate in good faith to conduct these depositions as soon as reasonably possible at a mutually agreeable time and place in this District.

LINCOLN D. ALMOND
United States Magistrate Judge
March 29, 2006